

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-26-00272-CV

———————————————

HUONG GILMER GIACCIO, Appellant

V.

MOORE FARM OWNERS ASSOCIATION, INC., Appellee

On Appeal from the 431st District Court
Denton County, Texas
Trial Court No. 21-4434-431

Before Bassel, Womack, and Wallach, JJ.
Per Curiam Memorandum Opinion

Appellant Huong Gilmer Giaccio, proceeding pro se, attempts to appeal from an April 23, 2026 "Order Denying Huong Gilmer Giaccio's Motion to Quash Writ of Execution and Vacate Abstract, and Motion for Restitution/Declare Judgment Satisfied." After receiving and reviewing the record, we sent Appellant a letter stating that we were concerned that the order did not appear to be a final judgment or an appealable interlocutory order. We stated that unless Appellant or any party desiring to continue the appeal filed with this court, on or before July 3, 2026, a response showing grounds for continuing the appeal, this appeal could be dismissed for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 44.3.

Appellant filed a response claiming that the order is appealable because it finally decided her postjudgment enforcement challenge. She alternatively requests that we not dismiss this appeal immediately but instead give her "a reasonable opportunity to pursue the proper remedy, including mandamus relief if necessary." [Bolded emphasis omitted.]

Most postjudgment orders issued to effect or enforce a judgment are not appealable because they are neither a final judgment nor an appealable interlocutory order. *See NextMetals Ltd. v. Sparkie Props., LLC,* No. 11-24-00233-CV, 2024 WL 4457037, at *1 (Tex. App.—Eastland Oct. 10, 2024, no pet.); *Sunnyland Dev., Inc. v. Shawn Ibrahim, Inc.,* 597 S.W.3d 1, 2–3 (Tex. App.—Houston [1st Dist.] 2020, no pet.); *Transam. Life Ins. Co. v. Rapid Settlements, Ltd.,* No. 01-11-00240-CV, 2011 WL 5428974,

at *2 (Tex. App.—Houston [1st Dist.] Nov. 10, 2011, no pet.).  We reach that same conclusion here.  *See Grisaffi v. Rocky Mountain High Brands, Inc.*, No. 05-20-00538-CV, 2022 WL 10311712, at *9 (Tex. App.—Dallas Oct. 18, 2022, pet. denied) (holding that order denying request for declaration that judgment had been satisfied is not appealable); *Barber Fam. Corp. v. Roberson,* No. 06-22-00060-CV, 2022 WL 5264658, at *1 (Tex. App.—Texarkana Oct. 7, 2022, no pet.) (holding that postjudgment order denying motion to quash writ of execution is not appealable).

Regarding Appellant's alternative request that we construe the notice of appeal as a petition for writ of mandamus, we decline to do so because the jurisdictional response and other filings in this appeal do not meet the requirements of Texas Rule of Appellate Procedure 52.  *See* Tex. R. App. P. 52.3, 52.7(a); *Belmont v. Belmont*, No. 02-25-00388-CV, 2025 WL 2492351, at *1 (Tex. App.—Fort Worth Aug. 29, 2025, no pet.).

Accordingly, we dismiss this appeal for want of jurisdiction.  *See* Tex. R. App. P. 42.3(a), 43.2(f); *Belmont*, 2025 WL 2492351, at *1; *Barber Fam. Corp.*, 2022 WL 5264658, at *1.

Per Curiam

Delivered:  July 23, 2026